Marco **MUSCARELLO** and Patricia A.
Muscarello, Plaintiffs,

v.

**VILLAGE OF HAMPSHIRE,**
Defendant.

**No. 85 C 1996.**

United States District Court,
N.D. Illinois, E.D.

Oct. 1, 1986.

Jeffrey Lawrence, Elgin, Ill., for plaintiffs.

Henry E. Mueller, John B. Murphey, Ancel, Glink, Diamond, Murphy & Cope, P.C., Chicago, Ill., Mark Schuster, Strom, Schuster & McCarty, Elgin, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Marco Muscarello and his wife Patricia ("Muscarellos") sue the Village of Hampshire ("Village") under 42 U.S.C. § 1983 ("Section 1983"), claiming Village took their property:

1. without paying just compensation and

2. without affording them due process in the form of notice and a hearing.

For those claimed Fifth and Fourteenth Amendment violations [1] Muscarellos seek:

1. injunctive relief;

2. $1 million in compensatory damages; and

3. $1 million in punitive damages.

Village has moved under Fed.R.Civ.P. ("Rules") 12(b)(1) and 12(b)(6) to dismiss:

1. this entire action for lack of jurisdiction (that is, as premature) or, if not,

2. Muscarellos' punitive-damages claim.

For the reasons stated in this memorandum opinion and order, the first-stated motion is granted.[2]

---

**1.** *Webb's Fabulous Pharmacies, Inc. v. Beckwith,* 449 U.S. 155, 160, 101 S.Ct. 446, 450, 66 L.Ed.2d 358 (1980) restates the long-established principle that the Fourteenth Amendment's Due Process Clause incorporates the Fifth Amendment's Just Compensation Clause to make it applicable to state (and hence municipal) actors. Precise jurisprudence would therefore call for labeling Muscarellos' just-compensation claim in Fourteenth Amendment terms. Nonetheless, for ease in discussing the tenor of Muscarellos' claim this opinion will follow the conventional (though technically inaccurate) practice of citing to the underlying Bill of Rights provision.

**2.** While this case was pending before this Court's colleague Judge George Leighton (before its random reassignment here when Judge Leighton took senior status), Muscarellos filed a motion to disqualify one of the law firms representing Village. Muscarellos have apparently abandoned that motion.

*Facts* [3]

Muscarellos own a 113–acre parcel of land (the "Property") within Village's corporate boundaries (¶ 3). They acquired an interest in the Property under a 1973 land contract and became record titleholders in 1977 (¶ 5).

In 1971 Village's Planning Commission granted Phillips Construction Company ("Phillips") permission to subdivide a parcel of land (the "Subdivision") abutting the Property's western edge (¶ 6). On February 7, 1974 the Subdivision project was put into receivership, and Village assumed control (¶ 7).

One item then requiring completion was the Subdivision's storm drainage system (*id.*). Though the watershed did not naturally flow from the Subdivision toward the Property, Village's plans called for diverting runoff water onto the Property (¶¶ 8, 10). In May and July 1975 Village's engineers wrote Village that the drainage system as proposed would create a possible danger of water damage to adjacent land (¶ 9). Nevertheless, Village built a storm sewer from the Subdivision 200 feet into the Property (¶ 10). Resulting storm water flooding has rendered 27 acres of the Property unsuitable for farming and has hindered residential, commercial and agricultural development of the Property as a whole (¶ 12).

Village never told Muscarellos of its plan to build a sewer line on the Property, nor were Muscarellos offered a hearing on the matter before the sewer was built. Village has never offered Muscarellos any compensation for their claimed losses (¶ 11).[4]

*Due Process in Governmental "Takings"*

Muscarellos begin with the premise the Due Process Clause requires notice and a hearing *before* Village can deprive them of property. That general rule of predeprivation procedural rights has most recently been stated in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985) (citations omitted, emphasis in original):

> An essential principle of due process is that a deprivation of life, liberty, or property "be preceded by notice and an opportunity for hearing appropriate to the nature of the case." … We have described "the root requirement" of the Due Process Clause as being "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest."

But as *Loudermill* itself points out (*id.* n. 7), the rule has various exceptions. There are equally well-established circumstances in which a predeprivation hearing is not required and a postdeprivation hearing opportunity will suffice.

Both sides have canvassed the leading cases requiring or excusing predeprivation hearings and have (of course) drawn opposing conclusions from these cases. Each argument may be stated briefly.

Muscarellos say the controlling question is whether the deprivation is (1) pursuant to a state (or municipal) policy or (2) the result of random, unauthorized behavior. *Loudermill* (termination of municipal employment) and *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) (deprivation of state

---

**3.** Rule 12(b)(6) principles require this Court to accept as true the Complaint's well-pleaded factual allegations, drawing all reasonable inferences in Muscarellos' favor. *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985). Though this Court could consider matters outside the pleadings for Rule 12(b)(1) purposes (*Crawford v. United States of America,* 796 F.2d 924, 926 (7th Cir.1986)), nothing relevant has been submitted and none of the material facts is

in dispute. All citations to the Complaint will simply take the form "¶ —."

**4.** At the outset the Complaint appears to reveal a serious statute-of-limitations question. Of course limitations periods generally are not jurisdictional and must be asserted by way of affirmative defense. Village's Answer did make that defense, but its current motion does not (and need not) press it.

cause of action through official lapse) are—in Muscarellos' view—cases of the former type, while *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981) (negligent destruction of prisoner's hobby kit)[5] and *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (random intentional destruction of prisoner's property) are of the latter. *Loudermill-Logan* required a predeprivation hearing and *Parratt-Hudson* did not.

Thus *Hudson*, 468 U.S. at 532–33, 104 S.Ct. at 3203–04 (footnote omitted) said:

> Two terms ago, we affirmed our holding in *Parratt* in *Logan* [ ], in the course of holding that postdeprivation remedies do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action.
>
> While *Parratt* is necessarily limited by its facts to negligent deprivations of property, it is evident … that its reasoning applies as well to intentional deprivations of property. The underlying rationale of *Parratt* is that when deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply "impracticable" since the state cannot know when such deprivations will occur.

Of course Village had to know when it was going to build the Subdivision storm sewer system, so a predeprivation hearing was surely not "impracticable." Muscarellos urge, then, they are entitled to *Loudermill-Logan* protection.

But Village says that is not the relevant distinction for this case. *All* Muscarellos' cited cases (Village says) involved deprivations of private property other than for a public use. However, if Muscarellos' Property was in fact taken, Village says the taking was for a classic example of a public use. Where property is thus taken *by* the public *for* the public, Village urges due process does not require a predeprivation hearing.

As against all the cases Muscarellos cite, Village draws sustenance from *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 3121, 87 L.Ed.2d 126 (1985) (citations and footnotes omitted):

> The Fifth Amendment does not proscribe the taking of property; it proscribes the taking of property without just compensation.... Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a " 'reasonable, certain and adequate provision for obtaining compensation' " exist at the time of the taking.... Thus, we have held that taking claims against the Federal Government are premature until the property owner has availed itself of the process provided by the Tucker Act.... Similarly, if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.

See also *Collier v. City of Springdale*, 733 F.2d 1311, 1314 (8th Cir.1984) (citation omitted):

> If the government chooses to dispense with formal condemnation proceedings prior to the seizure of private property for public use, then the constitution only requires that the property owner be able to bring an inverse condemnation action to compel just compensation.... Thus, it is well settled that a sovereign vested with the power of eminent domain may exercise that power consistent with the constitution without providing prior no-

---

**5.** *Parratt* has been overruled to the extent it said a Section 1983 violation may be predicated on merely negligent state behavior (*Daniels v. Wil-*

*liams*, —— U.S. ——, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986)), but that doesn't change the thrust of Muscarellos' argument.

tice, hearing or compensation so long as there exists an adequate mechanism for obtaining compensation.

In other words, the Due Process Clause prohibits the taking of property without due process, but that is only the beginning of the inquiry. In response to the controlling question of precisely what "process" is "due," the Just Compensation Clause expressly permits property to be taken *now* for a public use, subject only to the *later* availability of just compensation. Put differently, in the public-taking context "due process" means no more than the provision of just compensation, which may be made *post*-taking without violating the Due Process Clause. Muscarellos' procedural due-process analysis, valid as it might be in its proper sphere, is simply inapplicable to eminent-domain cases.

Muscarellos really have nothing to say against Village's argument. They do not dispute Illinois has adequate *procedures* for obtaining just compensation after the taking—that has been clear for at least 40 years (see generally *Kane v. City of Chicago*, 392 Ill. 172, 64 N.E.2d 506 (1946)). They do say an inverse condemnation proceeding cannot fully compensate them for all their investment potential in the Property. That may or may not be so, for the normal meaning of fair market value of property would seem to incorporate its realistic investment potential. But in any case that is not an argument favoring pre-taking relief. *Williamson County*, 105 S.Ct. at 3121–22 teaches that kind of speculative argument renders a Section 1983 lawsuit premature at best.

That public/private dichotomy is what lay behind the famous civics lesson administered by *Bi-Metallic Investment Co. v. State Board of Equalization*, 239 U.S. 441, 36 S.Ct. 141, 60 L.Ed. 372 (1915). See also

*Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 239–45, 104 S.Ct. 2321, 3228–32, 81 L.Ed.2d 186 (1984) (discussing scope of Public Use Clause). Payment of fair market value is all the Just Compensation Clause requires (*United States v. 50 Acres of Land*, 469 U.S. 24, 105 S.Ct. 451, 453, 457, 83 L.Ed.2d 376 (1984)), and—as this opinion has already shown—due-process notions add nothing more.

That disposes of Muscarellos' claims, for their Just Compensation Clause claim is asserted as a matter of timing only: Village didn't pay just compensation *before* it built the sewer. Muscarellos must seek their remedy through state procedures.[6] At least until they have done so and failed to obtain satisfaction, their claim is not ripe for decision in a federal court (*Williamson*, 105 S.Ct. at 3121) and this Court lacks jurisdiction on grounds of prematurity.

### Conclusion

Muscarellos' claim must be addressed in the first instance to the Illinois courts. As Muscarellos have failed to allege a ripe claim for just compensation (and as they cannot claim an independent due-process violation), this action is dismissed as premature—a dismissal for lack of subject-matter jurisdiction.

---

**6.** Indeed there is evidence they have taken steps in just that direction. See Village Motion To Dismiss Ex. D, at 4–6 (Mark J. Muscarellos' counterclaim for contribution against Village in *Filczer v. Village of Hampshire*, No. 79 CH 11121 (Cir.Ct. 16th Judicial Cir., Kane County)).