561 A.2d 829

SUN CAB COMPANY, INC., Time Cab Company, Inc., Golden Cab Company, Inc., and H.E.B. Cab, Inc., Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.

DMILAR CAB COMPANY and Samuel Tsipenyuk, Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.

BONNIE CAB CO. and Market Cab Co., Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.

GALANT & SONS, INC., and Galant Cab Co., Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.

GENERAL CAB COMPANY and Rita Cab Co., Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.

G & M CAB CO. and Israil Glikman, Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.

GRACE CAB COMPANY and D & A Cab Company, Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.

AL–DAVE ENTERPRISES, INC. and Arkady Dobromislov, Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.

ILONA, INC., and Fishel, Inc., Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

MANDY CAB COMPANY, INC., F–F Cab, Inc. and A–F,
Cab Co., Inc., Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

LOVADA ENTERPRISES, INC., Marino, Inc., Joseph V.
Marino, Michael A. Marino, Jr., and Michael A.
Marino, Sr., Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

KOTLYER & SONS, INC. and Mona Cab
Company, Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

CAPITOL CAB COMPANY, I & A Cab Company, Abe Transpor-
tation Co., Adam Cab Co., McPhillips Cab, Thomas E. Stew-
art, t/a T.E.S. Taxi, Northeast Taxi Co. of Philadelphia and
Vici Cab Co., Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

NAD CAB COMPANY and Josif Furman, Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

MJZ CAB COMPANY and HMZ Company, Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

SANTANDER CAB COMPANY and Bucaros Cab
Company, Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

PHILLY CAB CO., Jacob Gabbay, t/d/b/a American Cab
Company and Morris Gabbay, t/d/b/a Gabbay
Taxicab Co., Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

S & T CAB CO., INC. and Kfir Cab Company, Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

WALNUT CAB COMPANY, Vici Cab Company, Chestnut
Cab Company, Fox Chase Cab, Inc., JLA Cab Co., Inc.
and Abob Cab Co., Inc., Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

HOWRIC, INC. (A Close Corporation), Petitioner,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

P.P.B. CAB CO. and Cresco, Inc., t/a Cresco
Cab, Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

JENNIFER CAB COMPANY and Sonia Cab
Company, Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

FRYDMAN CAB COMPANY, Menachem Cab Company, and
K & S Cab Company, Petitioners,

v.

PENNSYLVANIA PUBLIC UTILITY
COMMISSION, Respondent.

**AYELET–RACHEL CORP., Mordecai Matitahu, and Dorit Cab Co., Petitioners,**

v.

**PENNSYLVANIA PUBLIC UTILITY COMMISSION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 8, 1989.

Decided June 26, 1989.

Petition for Allowance of Appeal Denied March 21, 1990.

John J. Gallagher, with him, Mary C. Kenney, McAllister & Gallagher, P.C., and David Stivison, Philadelphia, for petitioners.

Louis J. Carter, Philadelphia, for Howric, Inc.

Dennis J. Buckley, Asst. Counsel, with him, H. Kirk House, Deputy Chief Counsel and Daniel P. Delaney, Chief Counsel, Harrisburg, for respondent.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

PALLADINO, Judge.

Before us are twenty-four consolidated petitions for review.[1] In each of the cases, a holder of a Philadelphia taxicab certificate has sought review of an order of the Public Utility Commission (commission) denying a request for reconsideration and rescission of the commission's action.

The commission orders at issue denied reconsideration of commission actions directing various cab companies, individuals and/or businesses (Petitioners) to consolidate taxicab certificates under one corporate or trade name. For example, the facts in No. 1668 C.D.1988 are as follows. Dmilar Cab Company (Dmilar) applied to the commission for a certificate of public convenience to operate a taxicab in Philadelphia. Dmilar is a close corporation, with 60% of its stock owned by Samuel Tsipenyuk and 40% owned by Anna Tsipenyuk, his wife. Samuel Tsipenyuk also holds, individu-

---

1. Originally, there were twenty-five consolidated cases. One appeal has been discontinued.

ally, another certificate. In response to Dmilar's application, the commission, through the technical review section of its bureau of transportation, sent Dmilar a letter stating as follows:

> In reviewing the record in the above captioned application, I note that the applicant is affiliated with another entity holding Philadelphia taxicab authority. The affiliation is set-forth on the attached sheet.
>
> Under the circumstances of this case, the Commission would normally order that an application be filed for the consolidation of these certificates. In order to facilitate this application and to eliminate unnecessary paperwork, you may file an affidavit with the Commission requesting the consolidation of the authorities into one specified entity.

In another case, the commission, again through the technical review section of its bureau of transportation, responded to an application for a certificate of public convenience with a letter stating as follows:

> The above referenced application has been assigned for review without oral hearing....
>
> It is current Commission policy, as established in 1982, *'to require individuals who own or control multiple Philadelphia taxicab certificates, to hold all such certificates under one corporate or trade name.'* Should there be any affiliation between this applicant and any other entity, consolidation is required.
>
> The consolidation may be accomplished by an assignment. The assignment should state:
>
>> 'The interest in the certificate(s) A-_____ TX-_____ held by (*name of assignor corporation or sole proprietor*) is/are hereby assigned to (*name of surviving corporation or sole proprietor*).'
>
> If the assigning entity is a corporation, the president of the corporation must sign. If the assigning entity is a sole proprietorship, the sole proprietor must sign. If the assigning entity is a partnership, both partners must sign.... (Emphasis in original.)

The commission explained its consolidation policy in, inter alia, *Re Wagner Cab Company, Inc.*, 55 Pa.PUC 704 (1982), wherein the commission stated as follows:

> We fail to recognize any public benefit to be derived from the operation of two or more certificates by the same person(s) under two or more different entities. Our policy with regard to multiple taxicab certificates under different corporate or trade names was enunciated in Re RI–KE Cab Co., Inc., A–102622, Feb. 25, 1982, and provides as follows at p. 3:
>
> > 'In the past, we have allowed a particular individual to own or control multiple taxicab certificates under different corporate or trade names. Whether such a policy was justifiable in the past, continuation of that policy since the passage of Act 69 [2] has served mainly to increase the gap between the commission's enforcement workload and enforcement resources by creating confusion among the public and within the commission as to certificate ownership. The policy also has encouraged trafficking in certificates. We have recently signaled a change in that policy.... Henceforth, we intend to require individuals who own or control multiple Philadelphia taxicab certificates, to hold all such certificates under one corporate or trade name.'

*Id.* at 704–05.

All Petitioners in the present appeal have been directed to comply with the commission's consolidation policy; the commission has denied Petitioners' requests for reconsideration and rescission of the commission's action. Petitioners have appealed to this court from those denials. Petitioners have raised several issues, most of which attack the commission's authority to direct consolidation pursuant to a policy. Specifically, Petitioners argue that: (1) the commission does not have authority to direct consolidation as a condition to the

---

**2.** Act of June 19, 1980, P.L. 244. Act 69 provides, inter alia, that every certificate of public convenience for taxicab service in any city of the first class shall be deemed a single, sole certificate of public convenience for taxicab service for the operation of one vehicle in such service. § 2 of Act 69.

grant of a certificate; (2) the commission is not authorized to act pursuant to a policy—i.e., without holding a hearing or obtaining evidence in each case; (3) the legislature has evidenced an intent contrary to the commission's stated policy of requiring individuals who own or control multiple Philadelphia taxicab certificates to hold all such certificates under one corporate or trade name; and (4) the commission acted arbitrarily and capriciously.

■ Our scope of review of the commission's denial of a petition for reconsideration and rescission is limited to a determination of whether the commission abused its discretion. *Carbonaire v. Pennsylvania Public Utility Commission,* 114 Pa.Commonwealth Ct. 124, 538 A.2d 959 (1988). We have concluded that the commission did abuse its discretion in denying reconsideration; accordingly, for the reasons which follow, we reverse and remand.

In its decision denying reconsideration, the commission relied primarily upon section 1103(c) of the Public Utility Code (Code), 66 Pa.C.S. § 1103(c). Section 1103(c) provides, in pertinent part:

**(c) Taxicabs.—**

.    .    .    .    .

(3) It is hereby declared to be the policy of the General Assembly to regulate the provision of taxicab service within cities of the first class in such a manner that any certificate of public convenience hereinafter granted by order of the commission shall, *in addition to any other conditions imposed by the commission,* require that at least 40% of such trips of such taxicab service shall be derived from such service provided to and from points within specific geographical areas....

.    .    .    .    .

(7) The transfer of a certificate of public convenience, by any means or device, shall be subject to the prior approval of the commission which may, in its sole or peculiar discretion as it deems appropriate, attach such conditions,

including the appropriate allocation of proceeds, as it may find to be necessary or proper.

66 Pa.C.S. § 1103(c)(3) and (7) (emphasis added). The commission stated that section 1103 delegated to the commission "the broadest of discretionary powers...." Commission decision at 4. The commission also relied on section 1103(a) of the Code, 66 Pa.C.S. § 1103(a), which provides that the commission, in granting a certificate of public convenience, "may impose such conditions as it may deem to be just and reasonable.... Any holder of a certificate of public convenience, exercising the authority conferred by such certificate, shall be deemed to have waived any and all objections to the terms of such certificate." The commission deems the requirement of consolidation comparable to conditions such as requiring tariff filings or proof of insurance. Commission decision at 4.

■ The initial question we must address is whether the commission has authority to attach the condition of consolidation to the grant or transfer of a taxicab certificate, *as a matter of policy,* i.e., without regard to individual facts and circumstances. We hold that it does not have such authority. As noted by the commission, the legislature has conferred upon the commission the broadest of discretionary powers in certificate of public convenience matters. 66 Pa.C.S. § 1103(a) and (c). However, that discretion is not unlimited. *See Aizen v. Pennsylvania Public Utility Commission,* 163 Pa.Superior Ct. 305, 316, 60 A.2d 443, 449 (1948) ("A previously adopted policy may not furnish the sole basis for the commission's action in a particular case. Policy cannot be made a substitute for evidence in a proceeding before it."). In *Bell v. Pennsylvania Public Utility Commission,* 107 Pa.Commonwealth Ct. 34, 528 A.2d 268 (1987), *petition for allowance of appeal granted,* 518 Pa. 643, 542 A.2d 1371 (1988), we held that the commission could not exclude from a utility's rate base the cost of discounts to employees when the commission's sole basis for exclusion was a previously adopted policy. In addition, we reiterated the long-standing axiom that the commission

cannot substitute a policy for evidence. *Id.; Butler Township Water Company v. Pennsylvania Public Utility Commission*, 81 Pa.Commonwealth Ct. 40, 44, 473 A.2d 219, 221 (1984) ("The declaration of a policy based on general conclusions may not be substituted for an evaluation of the evidence in each case."); *W.J. Dillner Transfer Company v. Pennsylvania Public Utility Commission*, 186 Pa.Superior Ct. 526, 532–33, 142 A.2d 419, 422 (1958) (citations omitted) ("The commission may not by promulgating a general order or general regulation avoid the necessity of requiring substantial evidence to support its action in a particular case ... it may not by such general order or general regulation adopt a policy which may be used as a substitute for evidence in a proceeding before it...."); *Aizen*, 163 Pa.Superior Ct. at 316, 60 A.2d at 449 ("The conditions of a particular case may require the reversal of any administrative policy. No declared regulatory policy by the commission may preclude the future exercise of its functions as an administrative agency of the legislature. Such a declaration cannot be a finality regardless of circumstances.")

In the present case, the commission held no hearings. Thus, it is clear that the commission substituted a policy for evidence. Petitioners' requests for reconsideration and rescission provided the commission with the opportunity to hold hearings and obtain evidence. The commission's failure to do so constitutes an abuse of discretion. Accordingly, we reverse and remand for a hearing in each case.

ORDER

AND NOW, June 26, 1989, the orders of the Public Utility Commission in the above-captioned cases are reversed and the cases are remanded to the Public Utility Commission. The commission is directed to hold a hearing in each case, in accordance with its usual procedure.

Jurisdiction relinquished.