# BI–METALLIC INVESTMENT COMPANY *v.* STATE BOARD OF EQUALIZATION OF COLORADO.

### ERROR TO THE SUPREME COURT OF THE STATE OF COLORADO.

No. 116. Argued December 7, 8, 1915.—Decided December 20, 1915.

The allowance of equitable relief is a question of state policy; and, if the state court treated the merits of a suit in which equitable relief is sought as legitimately before it, this court will not attempt to determine whether it might or might not have thrown out the suit upon the preliminary ground.

Where a rule of conduct applies to more than a few people it is impracticable that every one should have a direct voice in its adoption; nor does the Federal Constitution require all public acts to be done in town meeting or in an assembly of the whole.

There must be a limit to individual argument in regard to matters affecting communities if government is to go on.

An order of the State Board of Equalization of Colorado increasing the
valuation of all taxable property in the City of Denver forty per cent.
which was sustained by the Supreme Court of that State, *held* not to
be in violation of the due process provision of the Fourteenth Amend-
ment because no opportunity was given to the taxpayers or assessing
officers of Denver to be heard before the order was made.
56 Colorado, 343, affirmed.

THE facts, which involve the constitutionality under
the due provision of the Fourteenth Amendment of an
order of the Tax Boards of Colorado, increasing propor-
tionately the valuation of all property in the City of
Denver, are stated in the opinion.

Mr. Horace Phelps for plaintiff in error:

The construction put upon the revenue laws of Colorado
by the Supreme Court of that State brings those laws into
conflict with the due process provision of the Fourteenth
Amendment.

In matters of taxation the proceedings for assessment of
property are necessarily summary in their nature, but
where the tax is laid against the property according to
value, there must be provision for such notice and hearing
as are appropriate in such cases. *Hagar* v. *Reclamation
District*, 111 U. S. 701, 710; *Weyerhauser* v. *Minnesota*,
176 U. S. 550.

It is essential to "due process" that notice and a hearing
be demandable as a matter of right, not granted as a mere
matter of favor or grace, and that the hearing be before
an officer or board or tribunal having jurisdiction to hear
and determine the matter and to give appropriate relief.
*Roller* v. *Holly*, 176 U. S. 398, 409; *Security Trust Co.* v.
*Lexington*, 203 U. S. 323, 333; *Londoner* v. *Denver*, 210
U. S. 373; *Stuart* v. *Palmer*, 74 N. Y. 183.

The action of the Colorado Tax Commission and the
State Board of Equalization complained of here con-
stituted a reassessment of all property affected thereby.
Gray on Taxing Power, § 1295, p. 639; *Kuntz* v. *Sumption*,

117 Indiana, 1; *Carney* v. *People,* 210 Illinois, 434; *People* v; *Insurance Co.,* 246 Illinois, 442, 448; *Overing* v. *Foote,* 65 N. Y. 263, 269, 277; *Douglass* v. *Westchester Co.,* 172 N. Y. 309; *Tolman* v. *Salomon,* 191 Illinois, 202, 204.

Even if the power of reassessment or revaluation were vested in and could lawfully be exercised by either or both of those boards, the reassessment or raise in valuation could only be made upon notice and hearing or opportunity to be heard. Gray, Taxing Power, § 1295; *Bellingham Co.* v. *New Whatcom,* 172 U. S. 314; *Davidson* v. *New Orleans,* 96 U. S. 97, 135; *Gale* v. *Statler,* 47 Colorado, 72; *State Revenue Agent* v. *Tonella,* 70 Mississippi, 701, 714; *Kuntz* v. *Sumption,* 117 Indiana, 1; *Barnard* v. *Wemple,* 117 N. Y. 77; *Myers* v; *Shields,* 61 Fed. Rep. 713.

There was no hearing; there was no notice; the rights of the property owner were ignored, and the decision of the Supreme Court of the State sustaining the order of the boards was state action depriving the taxpayer of property without due process of law, in violation of the provisions of the Fourteenth Amendment. *Central of Georgia Ry.* v. *Wright,* 207 U. S. 127.

*Mr. Fred Farrar,* Attorney General of the State of Colorado, and *Mr. Norton Montgomery* for defendant State Board of Equalization.

*Mr. James A. Marsh,* with whom *Mr. George Q. Richmond* was on the brief, for defendant in error Pitcher.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit to enjoin the State Board of Equalization and the Colorado Tax Commission from putting in force, and the defendant Pitcher as assessor of Denver from obeying, an order of the boards increasing the valuation of all taxable property in Denver forty per cent. The order

was sustained and the suit directed to be dismissed by the Supreme Court of the State. 56 Colorado, 512. See 56 Colorado, 343. The plaintiff is the owner of real estate in Denver and brings the case here on the ground that it was given no opportunity' to be heard and that therefore its property will be taken without due process of law, contrary to the Fourteenth Amendment of the Constitution of the United States. That is the only question with which we have to deal. There are suggestions on the one side that the construction of the state constitution and laws was an unwarranted surprise and on the other that the decision might have been placed, although it was not, on the ground that there was an adequate remedy at law. With these suggestions we have nothing to do. They are matters purely of state law. The answer to the former needs no amplification; that to the latter is that the allowance of equitable relief is a question of state policy and that as the Supreme Court of the State treated the merits as legitimately before it, we are not to speculate whether it might or might not have thrown out the suit upon the preliminary ground.

For the purposes of decision we assume that the constitutional question is presented in the baldest way— that neither the plaintiff nor the assessor of Denver, who presents a brief on the plaintiff's side, nor any representative of the city and county, was given an opportunity to be heard, other than such as they may have had by reason of the fact that the time of meeting of the boards is fixed by law. On this assumption it is obvious that injustice may be suffered if some property in the county already has been valued at its full worth. But if certain property has been valued at a rate different from that generally prevailing in the county the owner has had his opportunity to protest and appeal as usual in our system of taxation, *Hagar* v. *Reclamation District,* 111 U. S. 701, 709, 710, so that it must be assumed that the property

owners in the county all stand alike.  The question then
is whether all individuals have a constitutional right to be
heard before a matter can be decided in which all are
equally concerned—here, for instance, before a superior
board decides that the local taxing officers have adopted a
system of undervaluation throughout a county, as noto-
riously often has been the case.  The answer of this court
in the *State Railroad Tax Cases*, 92 U. S. 575, at least as to
any further notice, was that it was hard to believe that the
proposition was seriously made.

Where a rule of conduct applies to more than a few
people it is impracticable that every one should have a
direct voice in its adoption.  The Constitution does not
require all public acts to be done in town meeting or an
assembly of the whole.  General statutes within the state
power are passed that affect the person or property of
individuals, sometimes to the point of ruin, without giving
them a chance to be heard.  Their rights are protected in
the only way that they can be in a complex society, by
their power, immediate or remote, over those who make
the rule.  If the result in this case had been reached as
it might have been by the State's doubling the rate of
taxation, no one would suggest that the Fourteenth
Amendment was violated unless every person affected had
been allowed an opportunity to raise his voice against it
before the body entrusted by the state constitution with
the power.  In considering this case in this court we must
assume that the proper state machinery has been used,
and the question is whether, if the state constitution had
declared that Denver had been undervalued as compared
with the rest of the State and had decreed that for the
current year the valuation should be forty per cent. higher,
the objection now urged could prevail.  It appears to us
that to put the question is to answer it.  There must be a
limit to individual argument in such matters if govern-
ment is to go on.  In *Londoner* v. *Denver*, 210 U. S. 373,

385, a local board had to determine 'whether, in what amount, and upon whom' a tax for paving a street should be levied for special benefits. A relatively small number of persons was concerned, who were exceptionally affected, in each case upon individual grounds, and it was held that they had a right to a hearing. But that decision is far from reaching a general determination dealing only with the principle upon which all the assessments in a county had been laid.

*Judgment affirmed.*