## Draffen, et al. v. City of Paducah, et al.

(Decided June 15, 1926.)

### Appeal from McCracken Circuit Court.

1. Constitutional Law.—Notice of uniform increase by board of equalization, in assessment affecting all taxpayers, is required by due process clause of Fourteenth Amendment as well as by Ky. Stats., section 3181.

2. Taxation.—Under Ky. Stats., section 3181, notice by publication of uniform increase by board of equalization, affecting all taxpayers alike, is sufficient.

3. Taxation—Notice of Increase in Property Assessment, Advising Mayor and Council of Raise but not Taxpayers, Held Insufficient (Ky. Stats., section 3181).—Notice by board of equalization advising mayor and council that property assessment had been raised for purposes of taxation, without notifying taxpayers or informing them that they would have opportunity to protest against raise, is not sufficient under Ky. Stats., section 3181.

4. Taxation—Publication of Ordinance Authorizing Board of Equalization to Meet and Hear Complaints Concerning Uniform Increase in Property Assessment Held Insufficient Notice to Taxpayers.— Publication of ordinance authorizing board of equalization to meet for hearing of complaints to uniform increase of property assessments for purpose of taxation is not sufficient to charge taxpayers with notice that board would actually sit on dates mentioned for such purpose, and action of board in making increase is invalid.

C. C. GRASSHAM for appellants.

A. Y. MARTIN and J. D. MOCQUOT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Paducah is a city of the second class, and operates under a councilmanic form of government. Its charter

provides for the appointment of a board of equalization consisting of three members, and prescribes their qualifications and duties. Section 3181, Kentucky Statutes. The board is required to remain in session as long as the business may require, but not to exceed four weeks, unless the board of commissioners, or general council, as the case may be, shall extend the time of its sitting. Among the powers conferred on the members of the board are these:

"They shall increase or decrease assessments on like property, to make all assessments as uniform as may be, or to place a true value on the property assessed; but no increase shall be made without notice to the person whose property is to be increased, and they may, in the assessment of real estate, increase or decrease all assessments uniformly by adding or subtracting a percentage of the assessments, and a notice of such increase need not be given except by publication in the official paper of the city."

After the board had equalized the assessments, and had made certain increases, it entered an order making a flat 10% increase in the assessment of all real estate for the year 1926. On March 11, 1926, the following communication was published in "The Paducah Evening Sun," the official newspaper of the city:

"March 6, 1926.

"To the Honorable Mayor and
General Council of the City of
Paducah, Ky.

"Gentlemen:

"In consideration of the needs of the city of Paducah, Kentucky, the board of equalization of said city hereby makes a uniform increase of 10% on all real estate subject to taxation, for the year 1926 only.
"Signed:

"BOARD OF EQUALIZERS.
GEORGE L. ALLISTON,
H. W. KATTERJOHN,
THOS. H. CLAYTON."

On March 18, 1926, the following ordinance or resolution was published in the same paper:

## "AN ORDINANCE.

### "A RESOLUTION EXTENDING THE TIME FOR FURTHER SESSIONS OF THE BOARD OF EQUALIZATION.

"Be it resolved by the General Council of the City of Paducah, Kentucky:

"That the time for the work of the board of equalization of the city of Paducah be, and the same is hereby, extended to and including the 23rd day of March, 1926, so as to permit said board to hold sessions on the 19th, 20th, 22nd, and 23rd day of March, 1926, if necessary so to do, for hearing any complaints with reference to the 10 per cent increase of assessments on all real estate subject to taxation in the city of Paducah, Kentucky.

"This resolution shall take effect from and after its due adoption and publication.

"APPROVED: J. N. Bailey, Mayor.

O. K. ENROLLMENT COMMITTEE, by W. M. Rieke, Chairman.

"ADOPTED: Stuart Johnson, President Board of Councilmen.

"ATTEST: March 17, 1926.    Ross Rutter, City Clerk.

"ADOPTED: Geo. A. Hannin, President Board of Aldermen."

On May 18, 1926, R. E. Draffen, suing for himself and other taxpayers similarly situated, brought this action against the city and its officers to enjoin them from certifying for collection, or attempting to collect, any taxes based upon the increase. It was charged in the petition that the increase was invalid principally for the reason that the statute under which the board acted is unconstitutional, and the notice was not sufficient. The case was submitted on an agreed statement of facts, and on final hearing the relief prayed for was denied. Plaintiff has appealed.

We need consider only the question of notice. This is not a case where the statute fixes the time and place of the meetings of the board of equalization at which any taxpayer may appear and be heard. Hagar v. Reclamation Dist. No. 108, 111 U. S. 701, 4 Sup. Ct. 663, 28 U. S. (L. ed.) 569; Pittsburg, etc., R. Co. v. Backus, 154 U. S.

421, 14 Sup. Ct. 1114, 38 U. S. (L. ed.) 1031. Nor is it a case where the action of the board is subject to review with opportunity to be heard. On the contrary, it is a case where notice is required not only by the due process clause of the Fourteenth Amendment to the Federal Constitution, but also by the statute conferring the power. Since the increase is not confined to the property of certain individuals, but affects all the taxpayers alike, it cannot be doubted that notice by publication is all that is required. Bi-Metallic Investment Co. v. State Board of Equalization, 239 U. S. 441, 36 S. Ct. 141, 60 U. S. (L. ed.) 372. Therefore, the only remaining question is, was the published notice sufficient? The first publication was of a letter addressed by the board of equalization to the mayor and general council. It was not addressed to the taxpayers, and did not purport to be a notice to taxpayers. It simply advised the mayor and general council that the raise had been made. It did not notify the taxpayers of that fact or inform them that they would be given an opportunity to protest against the raise. Clearly, therefore, the first notice was not sufficient. Nor do we think the case was materially altered by the subsequent publication of the ordinance. Whether, if it had required the board of equalization to meet on the dates therein fixed, it would have been sufficient, we need not determine. As a matter of fact, it merely extended the time of the board's sitting so as to permit it to sit on the dates therein mentioned "if necessary so to do." In other words, it merely authorized the board to meet, and was not sufficient to charge the taxpayers with notice that the board would actually sit on those dates for the purposes mentioned in the ordinance. That being true, it should have been followed by a published notice to taxpayers that the board would sit on those, or some of those, dates for the purpose of hearing any complaints with reference to the 10% increase. We are therefore constrained to hold that the published notices were not sufficient, and that the action of the board in making the increase was invalid. It follows that appellants were entitled to the relief prayed.

Wherefore, the judgment is reversed and cause remanded, with directions to enter judgment in conformity with this opinion.

Whole court sitting.