92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kevin KIRSCH, Plaintiff-Appellant,
v.
J.C. SMITH and Gary R. McCaughtry, Defendants-Appellees.
 No. 95-2937.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 18, 1996.*
Decided July 19, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 Order
 
 1
 Kevin Kirsch contends that the defendants in this action under 42 U.S.C. § 1983 violated the Constitution by requiring prisoners in disciplinary segregation to write with ink tubes, the soft inner parts of ball point pens. Defendants believe that rigid pens can be used effectively as stabbing weapons, which prisoners with a demonstrated tendency to misbehave (that's how they got into disciplinary segregation) should not possess. Kirsch claims that he has trouble writing with an ink tube, which deprives him of access to the courts. The district court disagreed and granted summary judgment to the defendants. 894 F.Supp. 1222 (1995).
 
 
 2
 Lewis v. Casey, 64 U.S.L.W. 4587 (U.S. June 24, 1996), makes Kirsch's position untenable. Lewis holds that a person contending that a prison condition or rule has deprived him of access to the courts must show actual injury in the form of prejudice to the filing or conduct of litigation--for example, inability to file a timely complaint or satisfy a requirement imposed by a court. Because Kirsch has not presented evidence that he was unable to file or pursue any particular case, he has not satisfied the threshold requirement of Lewis.
 
 
 3
 To the extent Kirsch restates his argument as a deprivation of due process, he fares no better. Whether an ink tube is a "pen" for purposes of state regulations that entitle inmates to "pens" is neither here nor there, because the due process clause does not require states to interpret and enforce their laws correctly. See DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 202 (1989); Archie v. Racine, 847 F.2d 1211, 1215-18 (7th Cir.1988) (en banc). The prison's policy is that inmates in disciplinary segregation must make do with ink tubes and crayons. Kirsch does not want a hearing to determine whether he is in disciplinary segregation; and the establishment of an institution-wide policy does not give rise to a need for individual hearings. Atkins v. Parker, 472 U.S. 115 (1985); BiMetallic Investment Co. v. State Board of Equalization, 239 U.S. 441 (1915).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)