NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2668
_____

NORTHEAST LAND DEVELOPMENT, LLC,

Appellant

v.

CITY OF SCRANTON; JUDY GATELLI; WILLIAM COURTRIGHT;
JANET EVANS; SHARON NEALON FANUCCI; ROBERT MCTIERNAN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-08-cv-00290)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2014

Before:  RENDELL, SMITH and HARDIMAN, *Circuit Judges*.

(Filed: March 19, 2014)
_____

OPINION
_____

HARDIMAN, *Circuit Judge*.

Northeast Land Development, LLC (Northeast Land), appeals orders of the

District Court rejecting its claims for procedural due process against the City of Scranton

and five members of the Scranton City Council (the Individual Defendants). For the reasons that follow, we will affirm.

I

Because we write primarily for the parties, who are well acquainted with the case, we recite only the facts and procedural history essential to our decision.

Northeast Land agreed to purchase a 25-acre parcel in Scranton and then submitted a subdivision plan to the City for approval. The Scranton Planning Commission endorsed the plan, and a resolution was introduced in the City Council to negotiate a Development Agreement with Northeast Land. Before Council met to consider the resolution, Councilwoman Judy Gatelli allegedly met with Northeast Land's managing member, Christopher Speicher, and told him Council would not vote on the Development Agreement until another developer made progress on an adjacent development. Instead of voting on the resolution, Council tabled it, which prevented Northeast Land from closing on the purchase of the 25-acre parcel.

Northeast Land filed a section 1983 action against the City and the Individual Defendants for violation of its Fourteenth Amendment substantive and procedural due process rights.[1] Northeast Land alleged that Council tabled its resolution because

---

[1] The District Court dismissed Northeast Land's substantive due process claim for failure to state a claim because the complaint did not allege the requisite conduct, such as corruption, self-dealing, virtual taking, or racial bias. *See Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004). Northeast Land did not appeal the dismissal of this claim.

Northeast Land had not met "outrageous conditions for approval" that were not required by law. The District Court dismissed the Individual Defendants from the case, holding that their legislative immunity as Council members shielded them from Northeast Land's claims. Only the procedural due process claim against the City of Scranton survived the motion to dismiss.

With respect to the remaining claim, the District Court requested briefing as to whether there is a right to procedural due process for legislative action, and if not, whether Council's decision to table the resolution regarding the Development Agreement was legislative action. After hearing argument on that question, the District Court entered summary judgment against Northeast Land, holding that tabling the resolution constituted legislative action for which Northeast Land did not have a procedural due process right. Northeast Land filed this timely appeal.[2]

II

We exercise plenary review over the District Court's summary judgment and its order dismissing claims for failure to state a claim. *See Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005); *Horvath v. Keystone Health Plan E., Inc.*, 333 F.3d 450, 454 (3d Cir. 2003). We will affirm a summary judgment if there is no genuine dispute of material fact and the prevailing party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P.

_____

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

3

56(a). We will affirm an order dismissing claims for failure to state a claim if the complaint lacks sufficient factual allegations, accepted as true, to state a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6); *George v. Rehiel*, 738 F.3d 562, 571 (3d Cir. 2013).

## III

Northeast Land raises two arguments on appeal. First, citing our decision in *Carver v. Foerster*, 102 F.3d 96 (3d Cir. 1996), in which we held that legislative immunity applies only to individually named defendants, Northeast Land claims the legislative immunity defense is unavailable to the City of Scranton. *Id.* at 103. This argument misses the mark because the District Court never suggested that the City was entitled to legislative immunity. Rather, the District Court dismissed Northeast Land's claim against the City because procedural due process does not extend to legislative action. *See Rogin v. Bensalem Twp.*, 616 F.2d 680, 693 (3d Cir. 1980) (citing *Bi-Metallic Inv. Co. v. State Bd. of Equalization of Colo.*, 239 U.S. 441 (1915)). Northeast Land does not, and in our view, cannot, contest this legal proposition.

Next, Northeast Land contends the District Court erred by holding that the Individual Defendants, all of whom were Council members, were entitled to legislative immunity. Specifically, Northeast Land asserts that Council did not take legislative action for immunity purposes by deciding to table the resolution regarding the Development Agreement. We need not reach the merits of this argument because, as the Individual

4

Defendants argue, Northeast Land's procedural due process claim against them fails for the same reason that its claim against the City falls short: there is no right to procedural due process for legislative action. *Rogin*, 616 F.2d at 693.

Thus, Northeast Land's claim turns on whether Council's act was legislative. An act is legislative in nature if it is both substantively and procedurally legislative. *Acierno v. Cloutier*, 40 F.3d 597, 610 (3d Cir. 1994) (en banc). Here, Northeast Land disputes only whether City Council's decision to table the resolution was substantive legislative action. Its argument hinges on the character of Council's role under the Development Ordinance to review proposed developments once they are approved by the Planning Commission. An act is substantive legislative action if it involves either the enactment or amendment of legislation, such as policymaking or line-drawing decisions. The enforcement of already existing laws is not legislative action. *Id.* at 610–11 (quoting *Jodeco, Inc. v. Hann*, 674 F. Supp. 488, 494 (D.N.J. 1987)).

The Scranton Development Ordinance enumerates eleven conditions that Council can impose on a development agreement. Scranton, Pa., Code § 423-43(B). Northeast Land argues that this ordinance cabins Council's discretion insofar as it has a purely administrative function of passing the resolution and has no power to review the Planning Commission's decision or to impose conditions on the developer. This argument is belied by the same ordinance, however, which states that "[t]he development agreement . . . shall be acceptable in content to the governing body." *Id*. One of the eleven enumerated

5

conditions is a broad catch-all, which authorizes "[a]ny other lawful terms which the governing body may require to carry out the provisions of this chapter." Scranton, Pa., Code § 423-43(B)(10). Accordingly, we agree with the District Court's observation that "[t]o hold that the Scranton City Council has only a perfunctory role in the approval process, . . . [we] would be required to construe the Development Ordinance in a manner that ignores its plain text." App. at 36. In our view, Council's decision to table the development agreement was quintessentially substantive legislative action.

## IV

For the reasons stated, we will affirm both the District Court's order dismissing Northeast Land's claims and its order granting summary judgment.

6