**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **CLASSIC CAB, INC.,** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** *et al.*, <br><br> Defendants. | Case No. 17-cv-2820 (CRC) |

**MEMORANDUM OPINION**

Beginning in 2016, the District of Columbia's Department of For-Hire Vehicles adopted a series of rules that require taxicab operators to transition from traditional analog metering systems to newer systems called "digital taxicab solutions," or "DTS."  Designed to resemble popular ride-hailing services like Uber and Lyft, DTS systems run on mobile devices and calculate fares using GPS technology.

Classic Cab, Inc., a taxicab operator in the District, along with its owner, filed a complaint and a motion for a temporary restraining order late last December seeking to halt the DTS requirement from going into effect at the beginning of the new year.  They claimed that the Department's rules violated several federal constitutional provisions and that its rulemaking process violated the District of Columbia Administrative Procedure Act ("D.C. APA").  After a hearing, the Court denied the plaintiffs' motion, finding that they were unlikely to succeed on any of their federal constitutional claims and, in turn, that the Court would unlikely exercise supplemental jurisdiction over their D.C. APA claim.  Memo. Op. at 16, 18–19 (ECF No. 14).

The District has now moved to dismiss this case.  It relies primarily on this Court's analysis in its decision denying the plaintiffs' motion for a temporary restraining order.  The plaintiffs' opposition mostly reiterates the arguments made in its previous motion and, more

generally, it emphasizes the difference between the preliminary injunction standard (whether the plaintiffs have shown a likelihood of success on the merits) and the standard governing dismissal for failure to state a claim (whether the facts as stated in the complaint plausibly entitle the plaintiff to relief). Even if the Court found little likelihood of success on the merits of their claims, the plaintiffs argue, the facts stated in their complaint establish constitutional violations.

The Court disagrees. While of course the standards governing preliminary relief and dismissal are different, the Court for essentially the same reasons stated in its previous order finds that the plaintiffs have not stated a federal claim on which relief can be granted.

The Court will not fully repeat its previous analysis here but, to summarize: On the plaintiffs' due process claim, even assuming that they were deprived of a cognizable property interest in the value of their taxi business or in their contract with Creative Mobile Technologies, the notice-and-comment process that the District afforded, as detailed in the complaint, was constitutionally adequate. See Bi-Metallic Inv. Co. v. State Bd. of Equalization, 239 U.S. 441, 445 (1915); Pickus v. U.S. Bd. of Parole, 543 F.2d 240, 244 (D.C. Cir. 1976). Nor have the plaintiffs stated a claim under the Contract Clause of Article I. Even assuming that they could establish that the Department's regulations substantially impaired their contractual relationship, they have not plausibly asserted that the regulations were not "reasonable and necessary to serve an important public purpose," as is required to show that an impairment of contract violates the Contract Clause. U.S. Trust Co. v. New Jersey, 431 U.S. 1, 25 (1977); see also Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 505 (1987) ("[W]e have repeatedly held that unless the State is itself a contracting party, courts should properly defer to legislative judgment as to the necessity and reasonableness of a particular measure." (internal quotation omitted)); United Auto., Aerospace, Agr. Implement Workers of Am. Int'l Union v. Fortuno, 633

F.3d 37, 43 (1st Cir. 2011) (explaining that "lack of reasonableness or necessity to an important governmental purpose" is one of the two essential elements of a Contract Clause claim).

That leaves the plaintiffs' claim under the D.C. APA.[1]  Generally, when all of a plaintiff's federal claims are dismissed before trial, a federal court should decline to exercise supplemental jurisdiction over any remaining (non-federal) claims.  28 U.S.C. § 1367(c)(3) (allowing district court to decline supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction"); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); Robinson v. Palmer, 841 F.2d 1151, 1157 (D.C. Cir. 1988) (endorsing district court's refusal of supplemental jurisdiction over claim under the D.C. APA and its suggestion that D.C. local courts were preferable forum for that claim).  Thus, because the Court is dismissing all of the plaintiffs' federal claims, it will dismiss their D.C. APA claim as well.

The Court will therefore dismiss the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  A separate Order accompanies this Memorandum Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: April 11, 2018

---

[1] In its previous decision, the Court evaluated the plaintiffs' likelihood of succeeding under the Takings Clause of the Fifth Amendment and under the Dormant Commerce Clause.  It did so because the plaintiffs raised these theories in their motion for a temporary restraining order.  But as the District points out, these claims appear nowhere in the complaint, and thus are not properly before the Court at this stage of the proceedings.