In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-2563

CAROLYN MASCOW and LOCAL 571 OF THE ILLINOIS
FEDERATION OF TEACHERS,

*Plaintiffs-Appellants,*

*v.*

BOARD OF EDUCATION OF FRANKLIN PARK SCHOOL DISTRICT
NO. 84; DAVID KATZIN, ITS SUPERINTENDENT; and HEIDY
LAFLEUR,

*Defendants-Appellees.*

———————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 17-cv-6441 — **Sharon Johnson Coleman**, *Judge.*

———————

ARGUED FEBRUARY 20, 2020 — DECIDED MARCH 3, 2020

———————

Before BAUER, EASTERBROOK, and MANION, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Carolyn Mascow, a teacher
who had tenure under Illinois law, was laid off in 2017. Be-
cause her latest rating was "unsatisfactory," she was not on-
ly first in line for layoff when the school lost one position but
also lacked any recall rights if the school district began hir-

ing again—as it did. She contends in this suit under 42 U.S.C. §1983 that the Due Process Clause of the Fourteenth Amendment entitled her to a hearing before the layoff and that the "unsatisfactory" rating violated the First Amendment, applied to the states through the Fourteenth. The district court dismissed the due-process claim on the pleadings and in a second order granted summary judgment to defendants on the first-amendment claim. 2019 U.S. Dist. LEXIS 120074 (N.D. Ill. July 18, 2019).

Local 571 of the Illinois Federation of Teachers joined Mascow as a plaintiff. Although the notice of appeal named both Mascow and Local 571, their joint brief does not make any argument on the Union's behalf. We treat its claims as abandoned.

Mascow became co-president of Local 571 in 2010, and her first-amendment claim rests on two times she acted as the Union's representative. During the summer of 2014 she told the school's principal that a planned assembly that would require all teachers to stay 30 minutes after the end of school would violate the collective bargaining agreement. The next summer she told the district's superintendent that a proposed motivational speech would violate the collective bargaining agreement by requiring teachers to stay late. The school cancelled one event and revised the other in a way that Mascow agreed would satisfy the collective bargaining agreement. Mascow contends that her evaluations suffered as a result, leading to the "unsatisfactory" rating that made her first in line for layoff and nixed any recall rights.

The district court held that a reasonable jury could not find that the 2014 and 2015 meetings caused a reduction in Mascow's ratings. She became the Union's co-president in

2010, met with school officials often, and initially retained good ratings. A bad rating in 2017 could not reasonably be attributed to two specific meetings in the summers of 2014 and 2015—especially not when Mascow's co-president, who attended the 2015 meeting, retained an "excellent" rating.

Mascow's contention boils down to *post hoc ergo propter hoc*, which is the name of a logical error rather than a way to prove a violation of the Constitution. This makes it unnecessary to consider the extent to which the First Amendment, as opposed to state law, protects the interests of union representatives engaged in collective bargaining with public schools. Cf. *Minnesota State Board for Community Colleges v. Knight*, 465 U.S. 271 (1984); *Perry Education Association v. Perry Local Educators' Association*, 460 U.S. 37 (1983). Likewise we need not consider the potential application of *Garcetti v. Ceballos*, 547 U.S. 410 (2006), to a union representative's speech that concerns workplace management.

The due-process claim stands differently, however. Mascow, who had worked as a teacher in Illinois for more than 20 years, had tenure under state law and could be fired only for cause or as part of a reduction in force. 105 ILCS 5/34-84, 34-85; *Land v. Board of Education*, 202 Ill. 2d 414 (2002). This gave her a legitimate claim of entitlement, which is to say a property interest in her job, as a matter of constitutional law. See, e.g., *Board of Regents v. Roth*, 408 U.S. 564 (1972); *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985). These decisions, and many others, hold that a person may not be deprived of property without notice and an opportunity for a hearing. Process sometimes may be informal, see *Goss v. Lopez*, 419 U.S. 565 (1975), but the holder of the property interest must have some opportunity to present her po-

sition to the decisionmaker. Mascow contends that defendants did not offer her such an opportunity.

The district court dismissed Mascow's due-process theory, observing that Illinois does not offer hearings to laid-off teachers, whether or not they have tenure. Because Mascow did not have a right to a hearing under state law, she did not have a property right either and lacks a constitutional claim, the district court concluded.

The district court did not cite any case for the proposition that the absence of a right to a hearing under state law knocks out a due-process claim under federal law, but the view is not novel. Justice Rehnquist espoused it in *Arnett v. Kennedy*, 416 U.S. 134, 153–54 (1974), concluding that a litigant must take the bitter with the sweet—that a substantive claim of entitlement (the sweet) is limited by a statutory denial of hearings (the bitter), adding up to no property interest. The problem for defendants is that Justice Rehnquist was joined by only two others (Chief Justice Burger and Justice Stewart), while the remaining six Justices rejected the conclusion. See 416 U.S. at 166–67 (Powell, J., concurring, joined by Blackmun, J.); 416 U.S. at 177–78 (White, J., concurring in part); 416 U.S. at 209–11 (Marshall, J., dissenting, joined by Douglas & Brennan, JJ.). Post-*Arnett* decisions such as *Loudermill* routinely treat substance as a matter of state law and hold that, if state law creates a legitimate claim of entitlement, then federal law alone determines whether a hearing is required. By reviving Justice Rehnquist's bitter-with-the-sweet approach, the district court made a legal error. The Justices are free to overrule *Arnett*, *Loudermill*, and similar decisions, but we are bound by them.

What could Mascow contest at a hearing? Not Illinois's rule that tenured teachers with low ratings are laid off ahead of untenured teachers with better ratings. The Due Process Clause does not entitle people to hearings at which they will contest the wisdom of substantive legislative choices. *Atkins v. Parker*, 472 U.S. 115 (1985). Nor would Mascow be entitled to a hearing to address whether she should have been given time to improve before the layoff. Again that is a matter of state substantive law. Hearings deal with adjudicative facts, not legislative ones. *Bi-Metallic Investment Co. v. State Board of Equalization*, 239 U.S. 441 (1915).

Mascow might in principle contest defendants' contention that she was laid off as part of a reduction in force, but she appears to concede that her school lost one position for her specialty, and as the lowest-rated teacher in that specialty she was automatically the one to go. This leaves the possibility of contesting the "unsatisfactory" rating. If Mascow's rating had been "proficient" or higher, someone else would have been laid off—and, although a "needs improvement" rating would not have prevented her layoff, it would have provided recall rights that teachers rated "unsatisfactory" do not have.

The problem with this potential subject is that Mascow was rated "unsatisfactory" in February 2017, one month before being told that she would be laid off (and four months ahead of the layoff's effective date). If she had an opportunity for a hearing when she received the "unsatisfactory" rating, she would not be entitled to a second hearing when laid off. And it would not matter whether she used or bypassed an opportunity in February 2017; a state need not offer more than one opportunity for a hearing about a subject.

Neither Illinois nor Mascow's school district offers a formal process for contesting a rating. The litigants agree, however, that teachers have informal opportunities to seek review. In 2015, when Mascow was rated "proficient" and disagreed with her evaluation on some categories, she complained to Heidy LaFleur, the school's principal, who invited her to submit additional information. After considering Mascow's submissions, LaFleur raised her rating in one of the categories. At oral argument counsel for defendants contended that an opportunity for face-to-face discussions and written submissions supplies all the process due for an adverse evaluation. Mascow's lawyer responded that in 2017 she asked David Katzin, the school district's superintendent, to raise her "unsatisfactory" rating, and that he refused even to entertain the possibility. Mascow submits that this shows the absence of an opportunity for review; defendants say that it shows, instead, that someone who bypasses the chain of command cannot expect success.

Neither the district judge nor the parties' briefs in this court address just how teachers can obtain review of their ratings and whether those opportunities satisfy the constitutional need for "*some* kind of hearing." *Goss*, 419 U.S. at 579 (emphasis in original). Neither the district judge nor the litigants has attempted to apply the approach prescribed by *Mathews v. Eldridge*, 424 U.S. 319 (1976), for determining what kind of process is due in a given situation. It would be inappropriate for an appellate court to try to resolve these subjects without briefs focused on the vital issues. They should be considered first by the district court.

The judgment is vacated to the extent that it addresses Mascow's claim under the Due Process Clause and other-

wise is affirmed. The case is remanded for proceedings consistent with this opinion.