NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2141
_____

SASSAMANSVILLE FIRE COMPANY NO. 1,
Appellant

v.

MARIE LIVELSBERGER; KURT ZEBROWSKI; BOONE FLINT; WILLIAM ROSS
SNOOK; GREGORY MASKREY; JAIME GWYNN; NEW HANOVER TOWNSHIP

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-21-cv-04648)
District Judge:  Honorable Chad F. Kenney
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 21, 2023
_____

Before:  RESTREPO, PHIPPS, and ROTH, *Circuit Judges*.

(Opinion filed: May 25, 2023)

_____

OPINION[*]
_____

PHIPPS, *Circuit Judge*.

    A local fire department initiated this suit after a Pennsylvania township amended

its township code to effectively eliminate the fire department.  The fire department

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

initially sued the township, the individual members of its board of supervisors, and its manager in the Court of Common Pleas for Montgomery County. Because the complaint included federal claims under 42 U.S.C. § 1983 for substantive-due-process and equal-protection violations, the defendants removed the case to federal court. *See* 28 U.S.C. § 1441(a); *see also id.* §§ 1331, 1343. Once in District Court, the fire department twice amended its complaint, and the defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss not only the federal claims in that complaint but also the state-law claims.

The District Court granted that motion, dismissing the federal claims with prejudice and declining to exercise supplemental jurisdiction over the state-law claims. The fire department timely appealed that final order, and it now disputes the dismissal of its federal claims. *See* 28 U.S.C. § 1291. On *de novo* review, we will affirm the judgment of the District Court.

### FACTUAL BACKGROUND (AS ALLEGED IN THE COMPLAINT)

For many years, New Hanover Township had two authorized fire departments. Starting in 1948, the Sassamansville Fire Company No. 1 provided fire protection services, and later in 1970, the New Hanover Township Volunteer Fire Company No. 1 began doing the same.

But in 2010, the township hired a consulting firm to prepare a Fire Services Assessment. The firm conducted a four-month review, and it reported that operational conflicts between the two departments detracted from response times and firefighting efforts. Often, New Hanover Township Volunteer Fire Company would arrive first – due, in part, to closer proximity to high-risk areas – but when the Sassamansville Fire Company arrived, it would seek to take charge. The consulting firm recommended a

2

merger. Sassamansville Fire Company initially resisted, but eventually relented, signing a resolution to memorialize the merger and transferring its fire house, equipment, and trucks to the merged entity. Despite the merger, New Hanover's township code still authorized Sassamansville Fire Company as a separate entity.

The merger did not go smoothly. In December 2015, after a disagreement, New Hanover Township Volunteer Fire Company prohibited Sassamansville Fire Company from participating in firefighting efforts. That led to litigation between the two fire departments in Pennsylvania state court. Although the fire departments resolved that dispute through a settlement, New Hanover Township sought greater repose. Its board of supervisors discussed the issue at its public meetings, and they ultimately voted unanimously to amend the township code to remove Sassamansville Fire Company as a township-authorized fire department. Sassamansville Fire Company then commenced this suit.

## DISCUSSION

The township's amendment to its code to delist Sassamansville Fire Company is an economic regulation, which does not operate along suspect lines or infringe on fundamental rights. *See FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313–14 (1993); *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976) (per curiam). And when such legislation is challenged on either due-process or equal-protection grounds, it receives rational-basis review. *See Williamson v. Lee Optical of Oklahoma Inc.*, 348 U.S. 483, 488–89 (1955); *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000). Under that standard, the challenged governmental action will be upheld if it is rationally related to a legitimate governmental purpose. *See Williamson*, 348 U.S. at 488 ("It is enough that there is an evil at hand for correction, and that it *might* be thought that the particular

3

legislative measure was a rational way to correct it." (emphasis added)); *Beach*, 508 U.S. at 313; *Heller v. Doe*, 509 U.S. 312, 319 (1993); *Stradford v. Sec'y Pa. Dep't of Corr.*, 53 F.4th 67, 77 (3d Cir. 2022).

The township's decision to delist Sassamansville Fire Company clears that standard by a wide margin. It was rational for the township to conclude it did not need two competing fire departments. And there was at least one conceivable reason for eliminating Sassamansville Fire Company and keeping the New Hanover Township Volunteer Fire Company: even before the merger, according to the Fire Services Assessment, the New Hanover Township Volunteer Fire Company tended to arrive at the scene first.

Unable to prevail on rational basis review, Sassamansville Fire Company focuses instead on claims of unethical lawyering and purported legislative bias related to the merger and delisting. This contention has no traction as a matter of constitutional dimension. *See Nekrilov v. City of Jersey City*, 45 F.4th 662, 681 (3d Cir. 2022) (recognizing general principle that the "subjective intentions of the legislators are 'constitutionally irrelevant'" for a substantive-due-process claim (quoting *Flemming v. Nestor*, 363 U.S. 603, 612 (1960))). And in any event, these challenges sound more in procedural due process – a claim that Sassamansville Fire Company brought initially but does not pursue on appeal, as it challenges legislative action, not its rights in an adjudication. *See Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915) (rejecting a procedural due process challenge to legislation); *cf. Withrow v. Larkin*, 421 U.S. 35, 46 (1975) (recognizing that the principle that a "fair trial in a fair tribunal is a basic requirement of due process" applies also to administrative adjudications (quoting *In re Murchison*, 349 U.S. 133, 136 (1955))). Accordingly, those

4

concerns cannot save its substantive-due-process and equal-protection claims from dismissal under rational basis review.

*  *  *

For the foregoing reasons, the judgment of the District Court will be affirmed.