**Reversed and Rendered, and Opinion filed June 4, 2026.**



In The

# Fifteenth Court of Appeals

---

## NO. 15-25-00064-CV

---

**TEXAS STATE BOARD OF SOCIAL WORKER EXAMINERS, TEXAS BEHAVIORAL HEALTH EXECUTIVE COUNCIL ("TBHEC"); DARREL D. SPINKS, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF TBHEC; GLORIA CANSECO, JOHN K. BIELAMOWICZ, MARK E. CARTWRIGHT, STEVEN HALLBAUER, DANIEL W. PARRISH, AND CHRISTOPHER S. TAYLOR, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF TBHEC; AND BRIAN C. BRUMLEY AND QUIDA J. PRYOR, IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF BOTH THE TEXAS STATE BOARD OF SOCIAL WORKER EXAMINERS AND TBHEC, Appellants**

**V.**

**KATHERIN YOUNIACUTT AND TAMMY THOMPSON, Appellee**

---

**On Appeal from the 345th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-009236**

---

## OPINION

Section 108.052(2) of the Texas Occupations Code requires a licensing

authority to automatically deny an application for a license to be a social worker if the applicant has been previously convicted of a felony offense involving the use or threat of force. Tex. Occ. Code § 108.052(2);[1] *see also* 22 Tex. Admin. Code § 882.42(e) (implementing regulation). Plaintiffs are two individuals whose applications for a master social worker license were automatically denied because each individual had a single, prior assault conviction from the 2000s. This interlocutory appeal of the trial court's denial of the State's plea to the jurisdiction requires us to determine whether Plaintiffs' claims challenging the constitutionality of Section 108.052(2) are facially valid.

Because we conclude Plaintiffs' due course of law and equal protection challenges to Section 108.052(2) are facially invalid, we reverse the trial court's denial of the State's plea to the jurisdiction and render judgment that Plaintiffs' claims be dismissed.

## BACKGROUND

Social workers in Texas are regulated by Chapter 505 of the Texas Occupations Code. There are several requirements to obtain a master social worker license. In general, an applicant is required to obtain a bachelor's and master's degree, pass licensing exams, as well as complete other administrative steps to apply for a license. *See* Tex. Occ. Code §§ 505.352, .353.

Prior to Section 108.052's enactment, licensing authorities had the discretion to deny a social worker license to applicants who had been convicted of certain crimes. *Id.* § 53.023. This procedure involved individualized determinations requiring consideration of mitigating factors, including the age of the person when the crime was committed, the amount of time elapsed since the person's last

---

[1] Social workers licensed under Chapter 505 of the Texas Occupations Code are "health care professionals." Tex. Occ. Code § 108.051(1)(M).

criminal activity, evidence of the person's rehabilitation, and other evidence of the person's fitness, including letters of recommendation. *See id.* In 2019, the Legislature enacted House Bill 1899, which included adding Section 108.052 of the Texas Occupations Code. Act of May 22, 2019, 86th Leg., R.S., ch. 789, 2019 Tex. Gen. Laws 2234, 2236 –37. The Legislature mandated that licensing authorities automatically deny applications for certain health care professionals, including social workers, if the applicant has, as relevant here, previously been convicted of a felony offense involving the use or threat of force. Tex. Occ. Code § 108.052(2).

Plaintiffs are two individuals who have obtained master's degrees in social work and have otherwise met all the requirements to obtain a master social worker license, but were automatically denied a license because each has a prior assault conviction from nearly two decades ago when they were struggling with drug and alcohol addiction. Katherin Youniacutt's assault conviction involved hitting a police officer with a car while driving away from a DUI traffic stop. Tammy Thompson's assault conviction involved beating a man with a baseball bat. According to the allegations, both Plaintiffs have overcome difficulties with substance abuse, and each have many strong of letters of recommendation supporting their licensure.

Plaintiffs filed suit against the Texas State Board of Social Worker Examiners (the Board), the Texas Behavioral Health Executive Council (the Council), and the individual members of both agencies in their official capacities (collectively, the State). Plaintiffs seek declaratory and injunctive relief, challenging the constitutionality of Section 108.052(2). Plaintiffs claim the automatic ban violates their rights to substantive and procedural due course of the law, Tex. Const. art. I, § 19, and their rights to equal protection, *id.* § 3.

The State filed a plea to the jurisdiction asserting sovereign immunity on the ground that Plaintiffs' constitutional claims are facially invalid. The State also filed a Rule 91a motion to dismiss. The trial court denied both the plea and the motion. The trial court found the statute irrational. The statute, according to the trial court, "is not simply a ban on those convicted of aggravated felonies." Rather, the trial court reasoned, it is a ban on "[t]hose who have been convicted of an aggravated felony and . . . are otherwise fully qualified for a social-work license." "The rationality of the categorical ban depends on the risk that applicants convicted of aggravated felonies will be a danger to their potential clients." This risk of danger, according to the trial court, "is not rationally possible to determine on anything other than an individualized basis." The trial court further found that a categorical ban on persons with "personal experience directly relevant to a job is irrational." Thus, the trial court found that when considering the ban as a whole, the "actual, real-world effect" when "applied to Plaintiffs and those similarly situated—is not rationally related to the relevant government interest."

This interlocutory appeal of the denial of the State's plea to the jurisdiction followed. *See* Tex. Civ. Prac. & Rem. Code § 51.014(8).

## STANDARD OF REVIEW AND SOVEREIGN IMMUNITY

A plea to the jurisdiction is a dilatory plea that challenges the trial court's subject-matter jurisdiction without regard to whether the asserted claims have merit. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether a court has jurisdiction is a question of law, *City of Conroe v. San Jacinto River Auth.*, 602 S.W.3d 444, 451 (Tex. 2020), and we review a trial court's ruling on a plea to the jurisdiction de novo, *Hous. Belt & Terminal Ry. v. City of Hous.*, 487 S.W.3d 154, 160 (Tex. 2016).

The burden is on the plaintiff to affirmatively demonstrate the trial court's

4

jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). When the plea to the jurisdiction challenges the sufficiency of the plaintiff's pleadings, as in this case, we must determine "if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Hous. Belt*, 487 S.W.3d at 160. "In determining whether the plaintiff has met that burden, we liberally construe the pleadings, taking all factual assertions as true and looking to the plaintiff's intent." *Tex. Dep't of Crim. Just. v. Rangel*, 595 S.W.3d 198, 205 (Tex. 2020). If the pleadings affirmatively negate the existence of jurisdiction, the plea may be granted without affording the plaintiff an opportunity to replead. *Miranda*, 133 S.W.3d at 227.

Sovereign immunity generally bars suits against the State and its agencies, absent a clear and unambiguous waiver of immunity by the Legislature. *Nazari v. State*, 561 S.W.3d 495, 500 (Tex. 2018). Because sovereign immunity implicates a trial court's subject-matter jurisdiction, it may be properly asserted in a plea to the jurisdiction. *Hous. Belt*, 487 S.W.3d at 160. The UDJA generally waives immunity for declaratory-judgment claims challenging the constitutionality of statutes. *Abbott v. Mex. Am. Leg. Caucus*, 647 S.W.3d 681, 698 (Tex. 2022); *Klumb v. Hous. Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015) (noting that "sovereign immunity does not bar a suit to vindicate constitutional rights"); *see* Tex. Civ. Prac. & Rem. Code § 37.004(a).

To demonstrate that a claim falls within the scope of this waiver, the plaintiff must do more than merely label a cause of action and assert the existence of a constitutional violation. *Eriksen v. Nelson*, 708 S.W.3d 302, 308 (Tex. App.—15th Dist. 2025, no pet.). If the constitutional claim is facially invalid, immunity from suit is not waived. *Mex. Am. Leg. Caucus*, 647 S.W.3d at 698. Plaintiffs argue that on this procedural posture, their claims should proceed to discovery

5

unless there are "basic pleading defects." But "as in every Texas case involving sovereign immunity, this jurisdictional inquiry touches the merits because . . . courts lack jurisdiction to proceed if the claim appears 'facially invalid.'" *Id.* at 699 (citing *Klumb*, 458 S.W.3d at 13).

## DISCUSSION

The State argues the trial court erred because the Plaintiffs' substantive and procedural due course claims and equal protection claim are facially invalid. We address this contention with regard to each claim below.

### A.      Due Course of Law

The Texas Constitution provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." Tex. Const. art. I, § 19.   Whether a government action violates the due course of law involves a two-step inquiry: (1) does the plaintiff have a liberty, property, or other enumerated interest that is entitled to protection; and (2) if so, did the government defendant follow due course of law in depriving plaintiff of that interest? *Tex. S. Univ. v. Villarreal*, 620 S.W.3d 899, 905 (Tex. 2021).

In this case, Plaintiffs allege both substantive and procedural due course of law claims.  Before any substantive or procedural due course of law rights attach, a "citizen must have a liberty or property interest that is entitled to constitutional protection." *Honors Acad., Inc. v. Tex. Educ. Agency*, 555 S.W.3d 54, 61 (Tex. 2018).  Plaintiffs allege their liberty interest is "the right to earn an honest living in the occupation of one's choice free from unreasonable government interference." This is the same stated liberty interest plaintiffs asserted in *Patel v. Tex. Dep't of Licensing and Regulation*, 469 S.W.3d 69 (Tex. 2015).   Relying on *Crown*

6

*Distributing*, the State asserts Plaintiffs' stated liberty interest is too broad, and that it should be more narrowly defined as "the right to become a licensed health care professional." *See Tex. Dep't of State Health Servs. v. Crown Distrib. LLC*, 647 S.W.3d 648, 653 n.16, 657 (Tex. 2022) (noting the parties in *Patel* "never presented to this Court the issue of whether the eyebrow threaders asserted a protected interest"). According to the State, the right to become a licensed health care professional is not a protected liberty interest. *See Rivera v. Sonnenschein*, No. 03-21-00516-CV, 2022 WL 1751685, at * 3 (Tex. App.—Austin June 1, 2022, pet. denied) (mem. op.) (holding that plaintiff had "no right—liberty or otherwise—to be admitted to the Texas bar except in conformity with the Supreme Court's Rules" to become a lawyer). Much of the parties' arguments debate the scope of the work-related interests, if any, the due-course clause protects. *See Crown*, 647 S.W.3d at 654 ("The due-course clause is not so broad as to protect *every* form and method in which one may choose to work or earn a living, and some work-related interests do not enjoy constitutional protection at all.").

We will assume without deciding Plaintiffs have alleged a valid liberty interest, because we nonetheless hold that Section 108.052(2) meets the applicable due course of law tests, both substantively and procedurally.

### 1. Substantive Due Course of Law Test

Plaintiffs' substantive due course of law challenge mirrors the arguments raised and the framework utilized in *Patel*. In *Patel*, the plaintiffs were individuals who practiced commercial eyebrow threading. 469 S.W.3d at 73. The threaders challenged the constitutionality of the licensing statutes and regulations that required 750 hours of cosmetology training to obtain a license, 320 hours of which the State essentially conceded were unrelated to commercial eyebrow threading. *Id.* at 73–74, 88–90.

7

The Texas Supreme Court concluded that the plaintiffs met their "high burden" of proving the challenged licensing statutes and regulations were unconstitutional based on the due course of law protections. *Id.* at 90. In reaching this conclusion, the court in *Patel* set forth the following test for overcoming the presumption of constitutionality:

> [T]he proponent of an as-applied challenge to an economic regulation statute under Section 19's substantive due course of law requirement has the burden to show that either: (1) the statute's purpose could not arguably be rationally related to a legitimate governmental interest; or (2) when considered as a whole, the statute's actual, real-world effect as applied to the challenging party could not arguably be rationally related to, or is so burdensome as to be oppressive in light of, the governmental interest.

*Id.* at 87.[2]

Assuming Plaintiffs' allegations are true, as we must in this procedural posture, we conclude Section 108.052(2) is constitutional under *Patel*. As for the first test, the State generally asserts the purpose of Section 108.052(2) is rationally related to protecting the health and safety of the State's most vulnerable citizens. More specifically, the State points to the legislative history as support that the purpose of Section 108.052(2) is to protect individuals from harm by licensed health care professionals.

Plaintiffs do not seem to dispute this purpose or that safety is a legitimate government interest. The Plaintiffs argue, however, that there is no evidence the

_____

[2] As an initial matter, the State argues *Patel* is inapplicable because Section 108.052 is not an "economic legislation" or the "governmental regulation of economic interests." We will assume without deciding that the test in *Patel* applies because we ultimately conclude the statute passes both tests in *Patel*.

violent-felony ban protects the public from bad or dangerous social workers, and that there is no evidence that the existing individualized-determination procedure was insufficient to accomplish any legitimate government interest. In other words, the Plaintiffs allege the ban was irrational in light of the existing individualized determination scheme already in place. We disagree.

One of the bill analyses of H.B. 1899 (which contained Section 108.052) explained that "[c]oncerns have been raised regarding the prevalence of licensed health care professionals using their privilege and position of authority to commit crimes against vulnerable patients." House Comm. on Pub. Health, Bill Analysis, Tex. H.B. 1899, 86th Leg., R.S. (2019). That same analysis noted that "[i]t has been suggested that one way to prevent these horrific crimes is to make individuals who have committed certain crimes . . . ineligible for health care professional licenses." *Id.* In light of this analysis, we conclude the statute's purpose is rationally related to a legitimate governmental interest. Of course, like any policy decision, there may be room to disagree with the Legislature's decision as it specifically relates to social workers who have prior assault convictions. The Legislature apparently considered violence against vulnerable patients a problem that it needed to address and reasoned that making certain individuals with violent pasts ineligible for licensing was a method to combat the problem. That is a policy choice of the Legislature, and it is not our place, as a court, to second guess. The Legislature's decision to deny licenses to certain health care professionals, including master social workers, who have committed violent felonies is not so irrational that it renders the statute unconstitutional. *See Patel*, 469 S.W.3d at 95 (Willett, J. concurring) ("Judicial duty requires courts to act judicially by adjudicating, not politically by legislating.").

The statute is also constitutional under the second test in *Patel*. Plaintiffs

essentially argue the real-word effect of the ban is to permanently deprive qualified candidates like Youniacutt and Thompson—who would pass the individualized determination—licenses to be social workers. Even assuming Plaintiffs would pass the individualized determination, requiring licensed social workers not to have committed violent felonies is still arguably rationally related to the State's interest in protecting the State's most vulnerable citizens. And it is neither burdensome nor oppressive to require individuals who desire to become licensed social workers not to commit violent felonies. Indeed, not committing violent felonies is what is expected of all citizens. That makes this case different from *Patel*, in which the required hundreds of hours of unrelated training and the associated cost was a burden for most, if not all, eyebrow threaders. That is not the case here, where not everyone who applies for a license to be a social worker has committed a violent felony.

Accordingly, we conclude Plaintiffs' substantive due course of law challenge to Section 108.052(2) is facially invalid.

### 2. Procedural Due Course of Law Test

In addition to determining whether a plaintiff has a constitutionally protected liberty or property interest, a procedural due course of law challenge requires determining "what process is due." *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995). At a minimum, due process "requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Id.* at 930. As for legislative due process, the Texas Supreme Court explained "when the legislature enacts a law . . . that affects a general class of persons, all of those persons have received procedural due process by the legislative process itself and they have no right to individual attention." *Matzen v. McLane*, 659 S.W.3d 381, 392 (Tex. 2021) (quoting *U.S. v. LULAC*, 793 F.2d 636, 648 (5th Cir. 1986) and

10

citing *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445–46 (1915)).

Plaintiffs allege Section 108.052, enacted in 2019, violates the procedural component of the due process clause by depriving Plaintiffs of their rights without an opportunity to be heard in a meaningful manner by a neutral decision maker. Specifically, the Plaintiffs argue the ban requires the Board to automatically deny applicants with certain criminal convictions and provides no such opportunity for an individualized determination, as was the procedure before 2019. The State argues Plaintiffs had their procedural rights protected by the Legislative process.

We agree with the State. The Plaintiffs challenge a statute that was enacted by the Legislature in 2019 that automatically prevents the Board from granting them licenses to be social workers due to their prior assault convictions. This is different from an adjudicative due process claim such as when an individual is entitled to an individualized hearing under the law and did not receive one. Assuming again that Plaintiffs stated a valid liberty interest, they were afforded due process through the legislative process when Section 108.052 was enacted in 2019. Plaintiffs make no allegation that the Legislature failed to comply with any portion of the legislative process. Accordingly, Plaintiffs' procedural due course of law challenge is facially invalid.

## B. Equal Protection

Under Article I, Section 3 of the Texas Constitution, "[a]ll freemen, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services." To state a viable equal protection claim, plaintiffs must show they have been "treated differently from others similarly situated." *Klumb*, 458 S.W.3d at 13. Plaintiffs appear to agree that neither a

suspect classification nor a fundamental right is involved, and therefore, they must demonstrate the "challenged decision is not rationally related to a legitimate governmental purpose." *Id.* In conducting this review, courts consider "whether the challenged action has a rational basis and whether use of the challenged classification would reasonably promote that purpose." *Id.* This determination is not "subject to courtroom fact-finding." *Id.*

Plaintiffs allege the law violates the equal protection clause by irrationally discriminating between social workers, to whom the violent felony ban applies, and professional counselors and marriage and family therapists, to whom the violent felony ban does not apply. Plaintiffs allege they are similarly situated to these groups of people because all three professions provide one-on-one counseling. The State argues that all health care professionals covered by Section 108.052 have close contact with clients or one-on-one sessions, *see* Tex. Occ. Code § 108.051(1), which in reality makes counselors and therapists the exception. Further, all three professions are defined differently by the Legislature. *See* Tex. Occ. Code §§ 502.002(6) (marriage and family therapy), 503.003 (practice of professional counseling), 505.0025 (practice of social work). The education, training, and licensing requirements all differ as well. *See id.* at §§ 502.059, 503.302, 505.353.

Even assuming that Plaintiffs are similarly situated to counselors and therapists, we nonetheless conclude the Legislature's enactment of Section 108.052 is rationally related to a legitimate government interest, which is promoted by the challenged classification. As explained above, the State has a legitimate interest in protecting the health and safety of the State's most vulnerable citizens, and it is rational to require licensed master social workers not to have committed a violent felony. Even if the practice of social work has similarities to counselors and

12

therapists, a "legislature traditionally has been allowed to take reform 'one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind[.]'" *Klumb*, 458 S.W.3d at 14 (quoting *McDonald v. Bd. of Election Comm'rs of Chi*, 394 U.S. 802, 808 (1969)). Section 108.052 is not unconstitutional "simply because it failed, through inadvertence or otherwise, to cover every evil that might conceivably have been attacked." *Id.* Accordingly, we conclude Plaintiffs' equal protection claim is facially invalid.

## CONCLUSION

We reverse the trial court's denial of the State's plea to the jurisdiction, and render judgment dismissing Plaintiffs' claims challenging the constitutionality of Section 108.052(2).


/s/ Scott K. Field
Scott K. Field
Justice


Panel consists of Chief Justice Brister and Justices Field and Farris.