In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 21-3017

BAILEY THIELE and JACK MOYLAN,

*Plaintiffs-Appellants*,

*v.*

BOARD OF TRUSTEES OF ILLINOIS STATE UNIVERSITY, LARRY DIETZ, and JULIE ANNETTE JONES,

*Defendants-Appellees*.

———————

Appeal from the United States District Court
for the Central District of Illinois.
No. 1:20-cv-01197-SLD-TSH — **Sara Darrow**, *Chief Judge*.

———————

ARGUED MAY 19, 2022 — DECIDED MAY 27, 2022

———————

Before FLAUM, EASTERBROOK, and SCUDDER, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Illinois State University charges tuition and multiple fees. One of these, called the Mandatory Fee, covers the cost of on-campus facilities and programs. In March 2020, after the Governor of Illinois declared an emergency because of COVID-19 and issued an order forbidding many in-person gatherings, Illinois State University did what every other college in the state had to do: it

shifted from in-person instruction to distance learning over a video system. The University remitted some but not all of the Mandatory Fee, telling students that the remainder includes the expense of facilities that must be supported no matter how the University provides educational services.

Two students responded with this suit under 42 U.S.C. §1983, contending that collection or retention of any part of the Mandatory Fee violates both the Takings Clause of the Fifth Amendment (applied to the states by the Fourteenth Amendment) and the Due Process Clause of the Fourteenth Amendment. The argument offered for both claims is the same: the University told students that the Mandatory Fee pays for access to services on campus, and to collect it when the students cannot visit campus is to break a promise. In other words, the students contend that a public body's breach of contract violates the Constitution. Plaintiffs also asserted claims under state law.

The district court dismissed the amended complaint. 2021 U.S. Dist. LEXIS 188314 (C.D. Ill. Sept. 30, 2021). The judge wrote that the statements depicted as contractual do not create a property interest, which meant that all constitutional theories failed. The judge saw some other problems with the constitutional theories, including the unavailability of damages as a result of sovereign immunity. That was a misnomer: the real obstacle to monetary awards against the University is that states and their agencies are not "persons" for the purpose of §1983. See *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). See also *Lapides v. University of Georgia*, 535 U.S. 613, 616–17 (2002). Plaintiffs sought to overcome that obstacle by naming as additional defendants both Larry Dietz, then the University's President, and Julie Annette Jones, then

the Chairperson of its Board. The judge held that neither is personally liable for repayment of the Mandatory Fee. Finally, the judge dismissed all state-law claims without prejudice to their renewal in state court.

Plaintiffs' principal argument on appeal is that the University's statements are specific enough to create property interests. See *Board of Regents v. Roth*, 408 U.S. 564 (1972). We shall assume that this is so. That assumption does not help plaintiffs, however, because the Constitution does not ensure that states keep all of their promises, any more than it ensures that states observe all of their laws. A violation of a state law or a state contract is just that—a violation of a *state* entitlement, for which the remedy lies under state law. See, e.g., *Snowden v. Hughes*, 321 U.S. 1, 11 (1944) (Equal Protection Clause); *Davis v. Scherer*, 468 U.S. 183, 192–96 (1984) (Due Process Clause); *Nordlinger v. Hahn*, 505 U.S. 1, 16 n.8 (1992) (Equal Protection Clause); *Archie v. Racine*, 847 F.2d 1211, 1215–18 (7th Cir. 1988) (en banc) (Due Process Clause); *Tucker v. Chicago*, 907 F.3d 487, 494–95 (7th Cir. 2018) (citing both due-process and equal-protection decisions). See also *Castle Rock v. Gonzales*, 545 U.S. 748 (2005) (failure to enforce an order issued by a state court does not violate the Constitution).

The Constitution can get involved because the Due Process Clause often entitles people to notice and an opportunity for a hearing before a public official may deprive someone of a property right. That's what *Roth* and its successors are about. But the students do not want hearings. The University lacked authority to violate the Governor's orders. On-campus education was not going to happen. No one contends that the Governor had to hold person-by-person hearings before issuing his closure orders. Nor was any student entitled to a

personal hearing before the University decided how much of the Mandatory Fee to remit. A ruling applicable to all students is a legislative rather than an adjudicative action, and the Due Process Clause does not require personal hearings for decisions that establish or interpret rules governing groups of people. See, e.g., *Bi-Metallic Investment Co. v. Colorado Board of Equalization*, 239 U.S. 441 (1915); *Atkins v. Parker*, 472 U.S. 115 (1985).

What the students want is substantive—enforcement of their asserted right to a full refund of the Mandatory Fee— rather than notice and an opportunity for a hearing. This returns us to plaintiffs' assumption that breach of contract violates the Constitution. It does not, a point made repeatedly in this circuit. See, e.g., *Mid-American Waste Systems, Inc. v. Gary*, 49 F.3d 286 (7th Cir. 1995); *Linear v. University Park*, 887 F.3d 842 (7th Cir. 2018). The University relied on *Mid-American Waste Systems*; the district court also cited it; plaintiffs do not even try to distinguish it or any similar decision.

Whether the students have a good contract claim is a question for the state judiciary. In Illinois this means the Court of Claims, which has exclusive jurisdiction of contract suits against public bodies. 705 ILCS 505/8(b).

Suing Dietz and Jones in their individual capacities did not solve plaintiffs' problems. Nor was it an appropriate step by any standard. Plaintiffs appear to assume that public employees can be vicariously liable for their institutions' decisions. Yet there is no such thing as vicarious liability under §1983. See, e.g., *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). When vicarious liability exists under state law, it is the employer that bears responsibility for the employees' actions, rather than the other way around. See *Restatement (Third) of Agency* §6.01 and

comment b (2006). If the State of Illinois were to cancel a contract to build a new office building, no court would order the Governor to pay damages out of his own pocket.

The Board of Trustees made the decision about how much of the Mandatory Fee to remit. If any entity other than the University in its own name owes damages for breach of contract, it is the Board as a whole rather than individual members such as Jones, who is not alleged to have done anything wrong in either an official or a personal capacity. Ex-President Dietz was not a member of the Board. He conveyed its decision to the students by email, but shooting the messenger via liability in damages is a long way from a lawful response. Plaintiffs' counsel should count themselves lucky that Dietz and Jones did not seek sanctions for frivolous litigation under Fed. R. Civ. P. 11 or Fed. R. App. P. 38.

Plaintiffs maintain that the district judge should have allowed them to amend their complaint a second time, but they did not tell the judge and do not tell us how an amendment could state a viable claim. The judge did not abuse her discretion.

AFFIRMED