NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 9, 2022*
Decided November 9, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 22-1455

| | |
|---|---|
| BENJAMIN STIBBE,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 20-CV-1075-JPS |
| TONY EVERS and KEVIN CARR,<br>    *Defendants-Appellees*. | J. P. Stadtmueller,<br>*Judge*. |

**O R D E R**

Benjamin Stibbe, a Wisconsin prisoner, filed suit under 42 U.S.C. § 1983, asserting that his classification as a "violent offender" based on a conviction for reckless homicide violates his constitutional rights. The district court rejected his theory that the state

---

*The appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

statute and regulation classifying him this way are unconstitutionally vague and dismissed the suit at screening. We agree with the court and therefore affirm.

Wisconsin categorizes its prisoners based on the offense of conviction. Stibbe was convicted of first-degree reckless homicide by delivery of a controlled substance, WIS. STAT. § 940.02, which is always a "violent offense" under WIS. STAT. § 301.048(2)(bm). Because of this classification, Stibbe is ineligible for the intensive sanctions program, a form of custody that is "more restrictive than ordinary probation" but less so than imprisonment. WIS. STAT. § 301.048(1)(a). Further, Stibbe is ineligible to apply for prison leave, WIS. ADMIN. CODE DOC § 326.04(3), because the Wisconsin Department of Corrections excludes from that program any person convicted of a "violent" offense "in which there is actual or threatened bodily harm," *id.* § 326.03(11). Stibbe was given this classification because his offense resulted in the death of another person.

Stibbe sued the Governor of Wisconsin and the Secretary of the Wisconsin Department of Corrections, attacking the classification statute and DOC regulation as unconstitutionally vague, in violation of his right of due process. He asserted that reckless homicide should not be defined as a violent crime because drug dealing is "consensual" and that his crime lacked two key elements of a violent crime: the intent to cause harm and the use of physical force. His classification, he continued, was irrational and based on "an incomplete and vague standard" because, rather than defining "in words … what constitutes a violent crime," the statute automatically deems specific offenses "violent." Stibbe alleged that this designation placed "social stigma" on him beyond that inherent in his conviction, could deprive him of future employment and educational opportunities, and barred his access to prison programs such as "custody reduction" and "the earned release program."

The district court screened Stibbe's complaint under 28 U.S.C. § 1915A and dismissed it for failure to state a claim. First, the court explained that intent was not relevant to the categorization of "violent offense" under the statute and regulation: all that matters is the offense of conviction. And if Stibbe meant to challenge the mens rea element of the reckless-homicide statute, the court noted, any challenge was barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Next, the court ruled that the provisions classifying Stibbe as a violent offender were not unconstitutionally vague: they unambiguously state that a conviction for reckless homicide or for a crime resulting in bodily harm will be classified as "violent." After concluding that it would be futile to amend the complaint, the court entered final judgment.

On appeal, Stibbe primarily resists the notion that any part of his case implicates *Heck*; he argues that the district court assumed he was challenging his conviction when he was, in fact, asserting that "Wisconsin has classified [him], erroneously, as a violent offender." But the court addressed Stibbe's challenge to his offender classification; its limited discussion of *Heck* was directed at the allegation that his crime did not involve violent intent. That issue, the court rightly concluded, could not be part of this suit.

As for whether Stibbe stated any claim for relief, we review the dismissal de novo, *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020), and we agree with the district court that he did not. First, to the extent that Stibbe's argument about his "erroneous" classification suggests that Wisconsin erred in applying its own statute and code, his claim belongs in state court. *See Thiele v. Bd. of Trustees of Ill. State Univ.*, 35 F.4th 1064, 1066–67 (7th Cir. 2022). A state's failure to follow, or erroneous application of, its own laws does not implicate the federal right of due process and is not actionable under § 1983. *Davis v. Scherer*, 468 U.S. 183, 194–96 (1984); *Wells v. Caudill*, 967 F.3d 598, 602 (7th Cir. 2020).

Nor did Stibbe state a plausible claim that classifying his crime as a violent offense is unconstitutional because the state statute and regulation are void for vagueness. A law is unconstitutionally vague if "it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). We will assume that the Wisconsin violent-offense classifications somehow affect a protected liberty interest so that the Due Process Clause would apply. *See id.*; *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (discussing the liberty interests of prisoners). But we are not persuaded by Stibbe's contention that the provisions are void because they diverge from the "federal ruling or definition of a violent crime." We examine only whether the statute and regulation "clearly define[]" the categories they create and therefore provide notice. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). Here, neither provision is subject to arbitrary or ad-hoc application. The statute expressly lists reckless homicide as a violent offense. WIS. STAT. § 301.048(2)(bm). Nothing could be *less* vague. And the regulation applies to offenses "in which there is" bodily harm, WIS. ADMIN. CODE DOC § 326.03(11); Stibbe's crime has as an element the death of the victim. Stibbe's argument about his intent is not consistent with the regulation's focus on the result of the offense, which is what makes the regulation unambiguous.

Finally, Stibbe contends that the district court "should have requested [that he] make the points more clearly" instead of dismissing his case. Generally, district courts

should allow at least one opportunity to amend a complaint, but not when amendment is clearly futile. *Runnion ex rel. Runnion v. Girl Scouts*, 786 F.3d 510, 519–20 (7th Cir. 2015). Here, the district court explained that amendment could not correct the defects of the complaint, and we agree that amending the factual allegations could not affect whether the Wisconsin provisions are impermissibly vague.

We have considered Stibbe's other arguments, and none has merit.

AFFIRMED